CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

NOV 3 0 2009

JOHN F. CORCORAN, CLERK
BY: _____ DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 1:04-cr-00053-1 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| ERIC THOMAS MYERS, | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Eric Thomas Myers, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The court conditionally filed the motion, advised petitioner that his motion appeared to be untimely, and invited argument why the court should consider the motion timely filed. Petitioner responded, making the matter ripe for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Cases. After reviewing the record, the court dismisses the § 2255 motion as untimely filed.

I.

The court entered petitioner's criminal judgment on November 22, 2004, sentencing him to 152 months imprisonment, five years supervised release, and a $300 special assessment. (J. (docket #70) 2, 3, 5.) Petitioner did not note an appeal. Petitioner certifies that he signed and mailed his "nunc pro tunc motion to vacate, set aside, or correct sentence" on August 26, 2009. The court advised petitioner that the court intended to construe his nunc pro tunc motion as a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255; provided petitioner the opportunity to object, pursuant to Castro v. United States, 540 U.S. 375 (2003); and advised petitioner that a § 2255 motion would appear untimely filed. Petitioner responded, agreeing to have his nunc pro tunc motion construed as a § 2255 motion to vacate. The court relates petitioner's response back to the date of filing the nunc pro tunc motion, August 26, 2009, and

considers that the date he filed his § 2255 motion.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public

can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456

U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their

sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional

violations, proceedings that resulted in a "complete miscarriage of justice," or events that were

"inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441

U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under

§ 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed

in violation of the Constitution or laws of the United States; (2) the court was without

jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum

authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.

§ 2255(a).

However, a one-year statute of limitations period governs § 2255 actions, and this period

begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f).  If a defendant does not timely appeal the trial court's final judgment, as in this case, the conviction becomes final ten business days after entry of the final judgment when petitioner's opportunity to appeal expires.  See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 528 (2003).  Therefore, petitioner's conviction became final on December 7, 2004, ten business days after entry of final judgment.  Thus, for purposes of § 2255(f)(1), petitioner had until December 8, 2005, to timely file his § 2255 motion.  However, petitioner did not file his § 2255 motion until August 26, 2009, nearly four years after his conviction became final.

The court advised petitioner that his § 2255 motion appeared to be untimely and specifically requested argument or evidence addressing why the court should address the claims even though he filed them more than a year after his conviction became final.  In response, petitioner argues that his petition should be considered timely filed either under § 2255(f)(4) or by equitably tolling the statute of limitations.  (Petr.'s Resp. (docket #84) 4-5.)  See, supra, 28 U.S.C. § 2254(f)(4).  Petitioner alleges that November 20, 2009, is the date that "petitioner acknowledges that he was aware of his counsel's failure to file a notice of appeal."  (Id. 5.)

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. R.C. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

3

Petitioner is not entitled to have his petition considered timely filed under § 2255(f) because counsel's alleged failure to file a notice of appeal "could have been discovered through the exercise of due diligence" upon a date much earlier than August 2008. Petitioner does not allege that he acted with due diligence to pursue an appeal, and petitioner does not describe any event or action that could support the insinuation he diligently inquired about his direct appeal. See Valverde v. Stinson, 224 F.3d 129 (2d Cir. 2000) (stating that the extraordinary circumstances did not prevent timely filing if petitioner seeking equitable tolling did not exercised due diligence to file after the extraordinary circumstances begin). Therefore, petitioner's statute of limitations ran from the date his conviction became final, the petition is untimely filed, and petitioner is not entitled to equitable tolling. Accordingly, the court finds that petitioner's § 2255 motion to vacate is untimely filed and dismisses the motion.

III.

For the foregoing reasons, the court dismisses petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and strikes the action from the active docket of the court. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 30th day of November, 2009.

James C. Turk

Senior United States District Judge