# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:04CR00053 |
| v. ) | |
| ) | **OPINION** |
| ) | |
| **ERIC THOMAS MYERS**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Eric Thomas Myers, Pro Se Defendant.*

The defendant, a federal inmate, has filed a letter in which he asserts that his Presentence Investigation Report ("PSR") and his criminal sentence itself must be corrected, because the court failed to recognize that two of his prior state court convictions were designated as "one conviction" for recidivism purposes. Upon review of the motion and court records, I find that this letter is properly construed and filed as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), and dismissed as successive.

The court entered a criminal judgment against Myers on November 22, 2004, sentencing him to 152 months imprisonment. Myers did not appeal. In August 2009, he filed a pro se motion, styled as a "nunc pro tunc motion to vacate, set aside, or correct sentence," alleging that two of the prior convictions counted against him for

sentencing purposes should have been considered "one conviction," as the state court allegedly so ordered.

This court construed Myers' submission as a § 2255 motion. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the court warned Myers of the time limit set forth in § 2255(f), requiring that such motions generally be filed within one year from the time when the conviction becomes final, and gave him 12 days to elect whether or not to pursue his motion as a § 2255 motion. Myers elected to proceed under § 2255 and amended his allegations. The court found, however, that the § 2255 motion as amended was untimely filed and dismissed it. *See United States v. Myers*, Criminal Action No. 1:04-cr-00053-1, 2009 WL 4331528 (W.D. Va. Nov. 30, 2009).

Myers now raises the same sentencing claim in a letter, asserting that the criminal history section of the PSR should be corrected to show the two convictions were actually one. He also contends that correction of the PSR description of his prior conviction would render his current sentence illegal and in need of correction.

Federal criminal statutes, in the interest of finality, allow post-judgment modification of criminal sentences only in limited circumstances not present here. *See, e.g.* 18 U.S.C.A. § 3582 (West Supp. 2010) (allowing modification of sentence only after appeal and remand, motion for reduction filed by the government or the Bureau of Prisons, or retroactive change in an applicable sentencing guideline). Rule

36 of the Federal Rules of Criminal Procedure authorizes the court, after giving notice, to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, "[w]hen the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of [clerical] error, the district court has no authority to alter that sentence" under Rule 36. *United States v. Chavis*, 161 F. App'x 339, 340 (4th Cir. 2006) (unpublished) (quoting *United States v. Fraley*, 988 F.2d 4, 6-7 (4th Cir. 1993)); *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir.1996) (finding that court may not use Rule 36 to correct substantive errors in the judgment, and court has no inherent authority to resentence defendant).

Myers does not allege facts indicating that the probation officer merely made a clerical error in typing up the section of the PSR on prior convictions. Rather, Myers is asserting a substantive error of law on which he wishes to have his sentence modified. This type of claim is not actionable under Rule 36.

A § 2255 motion offers a legal vehicle by which a defendant may raise a post-judgment challenge to the legality of his sentence. Therefore, I find it appropriate to construe Myers' current submission as a § 2255 motion. However, the court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion

meet certain criteria.  *See* § 2255(f).  Myers has already pursued a § 2255 motion attacking the validity of his sentence, as discussed.  He offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion.  Therefore, I must dismiss his current § 2255 motion without prejudice as successive.

A separate Final Order will be entered herewith.

DATED: February 24, 2011

/s/ JAMES P. JONES
United States District Judge